Clerk's Copy

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
APR 0 6 1999

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL P. COSGROVE,

Plaintiff,

v.  No. CIV-98-1523 LH/WWJD

DEPARTMENT OF CORRECTIONS FOR THE
DISTRICT OF COLUMBIA,
CORRECTIONS CORPORATION OF AMERICA,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's amended civil rights complaint (the "complaint") pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the complaint will be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.

1992).

The complaint alleges that Plaintiff was transferred from Virginia via Ohio to a private correctional facility in New Mexico. Plaintiff had been classified as minimum security in Virginia, but his security level was increased by officials in Ohio. Plaintiff also claims he received threats from employees of CCA in Ohio. He was transferred with long-term violent inmates from Ohio to New Mexico, where he is now the only White inmate in a racially segregated unit housing Black inmates. He asks that he be transferred to a federal minimum security facility.

No relief can be granted on Plaintiff's claims. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.; Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990). Even if conditions at the receiving prison are much worse than conditions at the sending prison, the prisoner has no constitutional protection against the transfer. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Id.* Nor can relief be granted on Plaintiff's vague allegations of threats by staff. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

2